IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MRS. KELLY E.S. ALIAHMED and ALL DE INMATES, | : <br> : <br> : |
| Plaintiffs, | : <br> : |
| v. | : Civ. No. 20-997-LPS <br> : |
| DELAWARE DOC, et al., | : <br> : |
| Defendants. | : |

Kelly E.S. Aliahmed, Sussex Correctional Institution, Georgetown, Delaware. Pro Se Plaintiff.

**MEMORANDUM OPINION**

June 13, 2022
Wilmington, Delaware


STARK, U.S. Circuit Judge:

## I. INTRODUCTION

Plaintiff Kelly E.S. Aliahmed ("Aliahmed" or "Plaintiff")[1], an inmate at the Sussex Correctional Institution in Georgetown, Delaware, filed this action pursuant to 42 U.S.C. § 1983.[2] (D.I. 1) She was housed at the James T. Vaughn Correctional Center ("JVCC") in Smyrna, Delaware when she commenced this action. She appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 9) The Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(b) and § 1915A(a).

## II. BACKGROUND

Plaintiff filed this action on her behalf and on behalf of all Delaware inmates. She alleges that Defendants Delaware Department of Correction ("DOC"), Delaware Department of Justice ("DOJ"), and the State of Delaware ("the State") are denying inmates their civil constitutional rights to vote. She seeks injunctive relief.

## III. LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from governmental

---

[1] Recently, Aliahmed changed her name to Cea G. Mai, as noted on the docket on April 5, 2022. The Court refers to her herein by the name used in the operative pleadings.

[2] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

1

defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiffs proceed *pro se*, their pleading is liberally construed and the Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citations omitted).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020) (citing *Neitzke v. Williams*, 490 U.S. 319, 331 (1989)); *see also Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112 (3d Cir. 2002). "Rather, a claim is frivolous only where it depends 'on an "indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario.'" *Dooley v. Wetzel*, 957 F.3d at 374 (quoting *Mitchell v. Horn*, 318 F.3d 523, 530 (2003) and *Neitzke*, 490 U.S. at 327-28).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when deciding Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant a Plaintiff leave to amend unless amendment would be inequitable or futile. *See Grayson*, 293 F.3d at 114.

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550

2

U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (internal quotation marks omitted). In addition, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Twombly*, 550 U.S. at 570). Finally, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10 (2014). A complaint may not be dismissed for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 10.

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, the court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *See Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## IV. DISCUSSION

### A. Non-Attorney

The Complaint is signed by Aliahmed, who is not an attorney. As a non-attorney, she may not act as an attorney for the other Plaintiffs. Aliahmed may only represent herself in this Court. *See* 28 U.S.C. § 1654; *see also Osei-Afriye v. The Medical Coll. of Pennsylvania*, 937 F.2d 876 (3d Cir. 1991)

3

(non-lawyer appearing *pro se* may not act as attorney for his children); *In the Matter of Chojecki*, 2000 WL 679000, at *2 (E.D. Pa. May 22, 2000) ("Although a non-attorney may appear in propria persona on his own behalf, that privilege is personal to him and he has no authority to appear as the attorney for anyone other than himself.").

### B. Eleventh Amendment

Plaintiffs' claims fail for two reasons. First, in Delaware an individual convicted of a felony loses his or her voting rights. Under Delaware law, an applicant for voter registration who has been convicted of a felony which is not disqualifying but who has not served the required sentence of imprisonment, parole, work release, early release, supervised custody, and probation and community supervision, is denied his or her registration application. *See* 15 Del. C. § 6103(c).

Second, Defendants are immune from suit under the Eleventh Amendment. The State has immunity under the Eleventh Amendment, as does the DOC and the DOJ. *See Anderson v. Phelps*, 830 F. App'x 397, 398 (3d Cir. 2020) (citing *Karns v. Shanahan*, 879 F.3d 504, 513 (3d Cir. 2018));. *Alston v. Administrative Offices of Delaware Courts*, 178 F. Supp. 3d 222, 229 (D. Del.), *aff'd*, 663 F. App'x 105 (3d Cir. 2016).

The Eleventh Amendment protects states and their agencies from suit in federal court regardless of the kind of relief sought. *See Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). "Absent a state's consent, the Eleventh Amendment bars a civil rights suit in federal court that names the state as a defendant." *Laskaris v. Thornburgh*, 661 F.2d 23, 25 (3d Cir. 1981) (citing *Alabama v. Pugh*, 438 U.S. 781 (1978)). Delaware has not waived its immunity from suit in federal court; although Congress can abrogate a state's sovereign immunity, it did not do so through the enactment of 42 U.S.C. § 1983. *See Jones v. Sussex Corr. Inst.*, 725 F. App'x 157, 159-160 (3d Cir. 2017)); *Brooks-McCollum v. Delaware*, 213 F. App'x 92, 94 (3d Cir. 2007). In addition, dismissal is

proper because the State Defendants are not persons for purposes of § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71(1989); *Calhoun v. Young*, 288 F. App'x 47 (3d Cir. 2008).

Accordingly, Defendants will be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(iii) and 1915A(b)(2) based upon their immunity from suit.

## V.   CONCLUSION

For the above reasons, the Court will dismiss the Complaint as frivolous and based upon Defendants immunity from suit. The Court finds that amendment would be futile.

An appropriate Order will be entered.